EDITH ASHE v. CAMP MANUFACTURING COMPANY.

(Filed 22 February, 1911.)

1. **Estates—Illegitimates—Inheritance—Interpretation of Statutes.**

    Revisal, sec. 1556, Rules 9 and 10, does not restrict the principle that "all illegitimates" have the same right of inheritance as between themselves "as if legitimate," but broadly reiterates the doctrine in the most unambiguous terms.

2. **Same—"Half Blood"—Mother.**

    There is no half blood between illegitimates, and they take by descent only through their mother. The statute regulates the descent of the realty of illegitimates who die intestate, without reference to the father. Revisal, sec. 1556.

3. **Estates—Illegitimates—Inheritance—Prohibited Marriages— Races—Constitutional Law—Interpretation of Statutes.**

    The constitutional prohibition (Art. XIV, sec. 6) of marriages between the races does not affect an illegitimate brother's inheriting the estate of an intestate whose father was a negro and

154—16

mother a white woman; and the fact that the intestate could not be treated "as if born in lawful wedlock," Revisal, sec. 1556, Rules 9 and 10, has no application.

BROWN, J., dissenting.

APPEAL by plaintiff from *Justice, J.,* at November Term, 1910, of NORTHAMPTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Mason & Worrell and W. H. S. Burgwyn, Jr., for plaintiff. Peebles & Harris and Gay & Midyette for defendant.*

CLARK, C. J. Jesse Hasty, who was the illegitimate son of a white mother by a negro father, died intestate in 1888, seized of the premises. He left a widow, but no children and no brother or sister, except Henry Hasty, the illegitimate son of his mother by a white father. The dower was not allotted. The widow remarried in 1891 and removed from the premises, leaving a tenant in possession. Henry Hasty died in 1898. His heirs at law sold the timber on the land to the defendant. This is an action by the remarried widow for trespass against the defendant for cutting the timber, and otherwise. There is no question of dower, as the defendant admitted the right of plaintiff thereto and offered to submit to judgment for the allotment of dower.

Revisal, sec. 1556, Rules 9 and 10, are conclusive of the right of Henry Hasty to inherit. The plaintiff rests her contention on the words in Rule 10, that the estate of illegitimate children "shall descend accordingly in the same manner as if they had been born in wedlock." The previous words are "illegitimate children shall be considered legitimate as between themselves." The sentence above quoted, which follows, uses the word "accordingly," showing that the intention was in no wise to restrict the broad principle that all "illegitimates" have the same rights "as if legitimate," between themselves, but to broadly reiterate it, in the most unambiguous terms.

The contention of the plaintiff, that as marriage between the white mother and negro father of Jesse Hasty was forbidden

(Const., Art. XIV, sec. 8), therefore the descent could not be cast upon Henry Hasty because Jesse could not be treated "as if born in lawful wedlock," cannot be sustained. There is no half blood between illegitimates; their descent is only through the mother. The act does not purport to validate such illicit unions. It merely regulates the descent of the realty of illegitimates who die intestate.

There is no intimation in the statute of an intention to divide illegitimates into two classes—those whose parents might have married and those who could not. An illegitimate is *nullius filius*—a son without a father—in the eye of the law. The law takes no notice of the status or the color of the father. The law, in such cases, traces descent only through the mother. Jesse Hasty was no less illegitimate because his parents were of different color. To hold otherwise would repeal altogether the law of descent among illegitimates as to all mulattoes, for their parents cannot legally marry. It would also repeal it in all cases where the children, whether mulatto, black, or white, are the offspring of a married man, by a woman not his wife. This would make a third class of illegitimates. It is true, that if the lawful wife die, the husband could, in some cases, marry his paramour (as was argued), but that would not legitimate the previous offspring.

We discover in the law no intention to divide illegitimates into several classes. All illegitimates are treated as children without a father of any kind. The law takes no notice of him, for they trace only through the mother, and for the purpose of inheriting property, the illegitimate children of the same mother are legitimate, as between themselves.

The judgment of nonsuit is
Affirmed.

BROWN, J., dissenting.